**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010[*]
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-2071 | Appeal from the United States District Court for the Western District of Wisconsin. |
| RICHARD HOEFT, *Plaintiff-Appellant*, | No. 3:09-cv-117-wmc |
| *v.* | **William M. Conley**, *Acting Chief Judge*. |
| JOHN A. CLARK, *Defendant-Appellee*. | |

**O R D E R**

Richard Hoeft, a former Wisconsin prisoner, appeals the grant of summary judgment for John Clark, the superintendent at Flambeau Correctional Institution, in this action under 42 U.S.C § 1983 alleging, among other things, that Clark denied him dental care in retaliation for filing a petition for habeas corpus. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

In his § 1983 action, Hoeft alleged that Clark knowingly denied him treatment for his badly deteriorating teeth. Hoeft, who filed at least eight lawsuits while confined at Flambeau, claimed that Clark retaliated against him by preventing him from seeing a dentist until he stopped making more legal work for the prison. Hoeft also alleged his dental condition was so severe that Clark's conduct constituted deliberate indifference to a serious medical need.

Clark eventually moved for summary judgment, and Hoeft did not file a brief in opposition until ten days after the deadline for doing so had passed. Clark moved to strike Hoeft's opposition materials as untimely. District Judge Crabb granted Clark's motion to strike and his motion for summary judgment. She concluded that no reasonable jury could find Clark liable for retaliation or deliberate indifference because it was undisputed that Clark did not know of Hoeft's dental needs or determine whether he received treatment. Moreover, Hoeft provided no evidence that his dental problems rose to the level of a serious medical need. The case was later reassigned to District Judge Conley, who entered judgment for Clark.

On appeal Hoeft challenges only the grant of summary judgment on his retaliation claim. He takes issue, initially, with Judge Crabb's decision to strike his filings as untimely. He points to an affidavit (that he submitted in response to the motion to strike), in which he asserted that he mailed the documents in timely fashion. But Judge Crabb found the affidavit likely to be false because the envelope in which it was mailed was postmarked nine days after the filing deadline. Hoeft does not dispute this finding. Even a pro se litigant like Hoeft must comply with the Rules of Civil Procedure. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Given that Hoeft, an experienced litigant, has not explained his failure to meet the filing deadline, the district judge did not abuse her discretion in striking Hoeft's summary-judgment materials. *Id.*; *see also Lac du Flambeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1257 (7th Cir. 1993) ("[A] 'decision to disregard all materials submitted after a reasonable filing deadline is *certainly not* an abuse of discretion . . . .'" (emphasis added) (quoting *Pfeil v. Rogers*, 757 F.2d 850, 858 (7th Cir. 1985))).

Hoeft also asserts without elaboration that Judge Crabb disregarded evidence in his affidavit which, he believes, shows that Clark played a role in denying him dental care in retaliation for filing his habeas petition. In this affidavit Hoeft quotes language from his complaint alleging that Clark told him that he was being denied dental care in retaliation for his litigation efforts. However, the affidavit—which was submitted along with his materials opposing summary judgment—was properly struck as untimely, *see Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003), and in any event, allegations in the

underlying pleadings cannot create an issue of fact to defeat summary judgment unless supported by record evidence. *Burrell v. City of Mattoon*, 378 F.3d 642, 648 (7th Cir. 2004). As Judge Crabb explained, no evidence supports Hoeft's retaliation claim. Summary judgment was properly granted. *Cady*, 467 F.3d at 1061.

For the foregoing reasons, we AFFIRM the judgment of the district court.